MANUEL SANTINI, Plaintiff and Appellant, v. RAFAEL CORDOVÉS ARANA, JUDGE OF THE MUNICIPAL COURT OF CAGUAS, Defendant and Appellee.

No. 4425.   Argued March 14, 1928.—Decided March 12, 1929.

A. S. López for the appellant.   George C. Butte, Attorney General, R. A. Gómez, and R. Cordovez Arana, Assistants, and José E. Figueras, Fiscal of the Supreme Court, for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Manuel Santini was charged in a municipal court with the possession in his home of intoxicating liquor.

After evidence for the prosecution had been introduced defendant raised three questions.

First.—That evidence obtained by means of a search warrant issued under the customs laws is inadmissible as the basis for a case under the Volstead Law;

Second.—That, the warrant being void because of the defect last mentioned, the liquor seized thereunder should be returned to the defendant, and

Third.—That the facts stated in the complaint do not constitute a crime because the mere possession of intoxicating liquors is not prohibited.

The municipal judge sustained the demurrer interposed

as a third ground of defense, dismissed the action and discharged the defendant. Having thus disposed of the case, the court held that it was unnecessary to pass upon the question as to the validity of the search warrant, but went on to express an opinion to the effect that, even though the liquor had been illegally seized and was therefore inadmissible as evidence, it should not be returned to defendant. *People* v. *Guzmán*, 34 P.R.R. 111, was cited in support of this *obiter* or ruling, if it can be regarded as a ruling, upon the second question submitted by defendant.

The warrant in question was issued by a United States Commissioner for the District of Porto Rico, who used the printed form employed by the United States Customs Service. It was issued upon the sworn complaint of a United States customs inspector, filed with the said commissioner, after examination by him of the inspector under oath. The inspector had stated under oath that he had cause to suspect and did believe that certain foreign liquors illegally imported into Porto Rico, upon which the duties had not been paid, or which had otherwise been brought into the United States contrary to law, were in the dwelling house of Manuel Santini.

The return endorsed by the customs inspector upon the writ contains an inventory of the liquor seized which includes the following items:

| | | |
|---|---|---|
| 6 | bottles | Hennessy Brandy |
| 6 | " | Wine Moscatel |
| 2 | " | Wine Moscatel |
| 5 | " | Gin, one of them containing about ⅓ bottle gin (Gordon) |
| 1 | " | Gin Old Form |
| 1 | " | " containing about ½ bottle of brandy |

21 Bottles

Santini applied to the district court for a writ of mandamus to compel the delivery of this liquor to him by the municipal judge. An alternative writ was issued and, after

a hearing at which petitioner introduced his evidence, was annulled upon the authority of *People* v. *Guzmán, supra,* and upon the further ground that the return of the liquor was not a ministerial act but a matter of judicial discretion to be exercised by the municipal judge upon proof by petitioner of his possessory right.

Santini appeals and submits that the district court erred in its interpretation of the doctrine announced in the *Guzmán Case.* Counsel for appellant expressly declines to discuss the second ground of the decision appealed from, upon the theory that the question involved is merely technical and should be disregarded in the interest of substantial justice. We can not concur in this view.

In the record before us there is no indication that Santini requested the return of the liquor before the trial, or objected to the introduction thereof as evidence, or questioned the legality of the seizure at any time or in any manner in the municipal court, except as above outlined. There is nothing to show upon what theory the legality of the seizure was challenged if it was challenged by the suggestion that evidence obtained by means of a search warrant issued under the customs laws is inadmissible as the basis for a case under the Volstead Law.

Whether or not mandamus would lie to compel a determination of the question as to the legality of the seizure, in the absence of an appeal from the alleged refusal to return the liquor and in the absence of any formal petition for such return, need not be decided at this time. Certainly in such circumstances the court below was quite right in dismissing the petition and in quashing the alternative writ, for the reason that any error on the part of the municipal judge in holding that as a matter of law the burden was upon petitioner to establish his right to possession, even though the seizure were illegal, can not be reviewed nor corrected by mandamus.

A mandamus to the municipal judge in the instant case

would require not only a reversal of his ruling upon a question of law but also a determination in the first instance of another question of law not passed upon by him, nor adequately presented by petitioner for decision. We are not aware of any authority or principle of law upon which such a use of the writ could be justified.

The judgment appealed from must be affirmed.